UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KENITH A'GARD,

                              Plaintiff,

       v.                                                9:03-cv-0670

ROY A. GIRDICH; GLENN S. GOORD, Commissioner;
LUCIEN J. LECLARE JR., Deputy Commissioner of DOCS;
STEVEN A. SALLS, Sergeant; KARLA A. TRIMM,
Sergeant,

                              Defendants

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Plaintiff commenced the instant action pursuant to 42 U.S.C. § 1983 seeking injunctive relief placing him in protective custody. Presently before the Court is Defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56 seeking dismissal of the Complaint in its entirety.

**I.    FACTS**[1]

Upon his conviction of Robbery in the First Degree, on June 17, 1999, Plaintiff was placed in the custody of the New York State Department of Corrections ("NYSDOCS"). While incarcerated at Sing Sing, Plaintiff amassed various disciplinary sanctions, including a finding that he threw feces and urine at corrections officers. As a result, Plaintiff was

---

[1] Plaintiff has failed to respond to the pending motion. Accordingly, the facts set forth in Defendants' properly supported statement of material facts pursuant to N.D.N.Y.L.R. 7.1(a)(3) are deemed admitted.

criminally prosecuted and convicted of Aggravated Harassment of Correctional Staff. Plaintiff was transferred to Upstate Special Housing Unit ("SHU") to serve his disciplinary penalties, which amounted to approximately three years. While in SHU, inmates are confined to their cells for 23 hours per day. Inmates in SHU generally do not come into direct contact with other inmates.

During his first period of incarceration at Upstate, Plaintiff was celled with approximately twenty different cellmates. Plaintiff had no problems with the vast majority of his cellmates. Plaintiff alleges that one cellmate, David Mussenden, sexually assaulted him on one occasion in October or November 2002. No correction facility staff were made aware of the alleged sexual assault. Plaintiff also contended that he had some difficulties with other inmates - Dennis Hopkins, Edwin Toldeo, and possibly Anthony Monterosso. Plaintiff never informed correction facility staff about any altercations with Hopkins or Toldeo.

Plaintiff commenced the instant action in May 2003 seeking an order directing that NYSDOCS place him in protective custody. Plaintiff moved for a temporary restraining order requiring that he be placed in protective custody. By Order dated July 1, 2003, this Court denied the motion for a temporary restraining order.

In October 2004, Plaintiff was transferred to Attica Correctional Facility. As a result of misconduct while at Attica, in September 2005, Plaintiff was returned to Upstate SHU for a period of four months. While in SHU, Plaintiff was celled with Francis Lee. There are no allegations of any trouble between Plaintiff and Lee. Since being returned to Upstate SHU, Plaintiff has not had direct contact with any other inmates.

Defendants filed the instant motion for summary judgment in October 2005. In November 2005, Plaintiff requested an extension of time to respond to the motion, which

motion was granted. Plaintiff was afforded until January 6, 2006 to file opposition papers. No opposition papers were filed. On July 17, 2006, Magistrate Judge Lowe informed Plaintiff of the consequences of failing to respond to a motion for summary judgment and afforded Plaintiff another 21 days to file opposition papers. To date, no opposition papers have been filed. As of October 2005, Monterosso and Mussenden were no longer in custody of the NYSDOCS.[2] Similarly, Hopkins and Toledo are no longer incarcerated at Upstate with Plaintiff. In November 2005, Plaintiff was transferred to Elmira Correctional Facility. In December 2005, Plaintiff was released from the custody of NYSDOCS.

## II.     DISCUSSION

Plaintiff's claim for injunctive relief is moot.[3] As of October 2004, Plaintiff was removed from Upstate and, thus, the conditions that he contended posed a substantial risk of harm to him no longer existed. Plaintiff was no longer exposed to Mussenden, Hopkins, Toldeo or Monterosso. There is no evidence in the record that Plaintiff was again exposed to these, or any other, inmates that were known to Defendants to be likely to cause Plaintiff substantial harm. Further, Plaintiff is no longer in the custody of the NYSDOCS. It follows that any injunctive relief ordered by this Court would be meaningless. Because an injunction would not confer any legally cognizable benefit upon Plaintiff, his claim for injunctive relief is moot. Muhammad v. City of New York Dept. of Corrections, 126 F.3d 119, 122-23 (2d Cir. 1997); see also Morgan v. Rowland, 2006 WL 695813, at *5 (D. Conn. 2006) (and cases

---

[2] It appears that Mussenden is now back in the custody of NYSDOCS.

[3] Plaintiff's Amended Complaint only seeks injunctive relief. Although Plaintiff attempted to file a second amended complaint to include a claim for damages, his motion for leave to amend was denied without prejudice on procedural grounds. The Court did, however, specifically grant Plaintiff leave to file a proper motion to amend. Plaintiff failed to do so.

cited therein); Hameed v. Coughlin, 37 F. Supp.2d 133, 140 (N.D.N.Y. Feb 02, 1999). Moreover, there is no indication that this is a situation that is likely to repeat itself, thereby suggesting that this Court continue to exercise jurisdiction. Muhammad, 126 F.3d at 123.

Furthermore, pursuant to N.D.N.Y.L.R. 10.1(b) "[a]ll . . . pro se litigants must immediately notify the Court of any change of address." Plaintiff has failed to do so. Pursuant to N.D.N.Y.L.R. 41.2(b), "[f]ailure to notify the Court of a change in address in accordance with L.R. 10.1(b) may result in the dismissal of any pending action." Inasmuch as Plaintiff has failed to inform this Court of a change of address or otherwise communicate with the Court in more than eight months, Plaintiff has failed to comply with local rules 10.1(b) and 41.2(b) and otherwise failed to prosecute this matter, thereby warranting dismissal of the Complaint.

### III.   CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED and the Complaint is DISMISSED IN ITS ENTIRETY. The Clerk of the Court shall close the file in this matter.

IT IS SO ORDERED.

Dated:   September 13, 2006

Thomas J. McAvoy
Senior, U.S. District Judge